## DALLAS COUNTY HOSPITAL DISTRICT, Appellant,

v.

## PIONEER CASUALTY COMPANY, Appellee.

### No. 16721.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1966.

Rehearing Denied May 6, 1966.

Allen, Bowles & Rogers, and John C. Rogers, Dallas, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, and James A. Knox, Dallas, for appellee.

MASSEY, Chief Justice.

The decision in this case turns upon an interpretation of the clause relating to assignment of interest under the "Medical Payments" coverage provision of Texas Standard Form automobile insurance policies. The clause reads: "Assignment of interest under this policy shall not bind the company until its consent is endorsed * * *."

An insured under an automobile insurance policy issued by Pioneer Casualty Company was provided "medical payments" coverage to the extent of $1,000.00. Although coverage is more extensive, it is generally thought of as that which provides for payment of the medical and hospital bills of one injured as the driver or passenger of the vehicle insured regardless of any question of negligence.

Such an insured assigned her rights under the policy to Dallas County Hospital

District. On the date of the execution of the assignment instrument there was an accrued liability to the assignee, on the part of the insured, of approximately $400.00. By the time the instrument was served on Pioneer Casualty Company said amount had grown considerably greater than the $1,000.00 maximum liability for medical and hospital expenses.

Pioneer Casualty Company never did consent to the assignment. It paid the amount of $1,000.00 direct to its insured. Naturally it was expected that the insured would apply the $1,000.00 on medical and hospital expenses. However, in disregard of an amount owing for such expenses at another hospital where emergency treatment had been given before the injured was moved to the Dallas institution and also in disregard of the amount owing to the Dallas County Hospital District, said insured accepted the payment and departed for places unknown. It is interesting to note that her name was Swindler.

Dallas County Hospital District brought suit direct against Pioneer Casualty Company. Suit was founded on the contract, and because of the company's payment of the $1,000.00 direct to its insured in dishonor of her assignment. The company contended that it had discharged all its liability under the policy. With this contention as a premise it moved for judgment. The trial court granted summary judgment and the Hospital District appealed.

The question, therefore, is whether the company was obliged to honor the assignment, or was within its rights when it proceeded to act in discharge of its liability under "medical payments" coverage by payment direct to the insured. Such payment discharged policy liability unless the company was legally bound by the assignment.

Prior to the enactment of Vernon's Ann. Tex.Civ.St. Art. 569, "Instruments may be assigned", the policy of the law in Texas forbade an assignment such as that considered in the present instance. By such stat-ute it was provided: "The obligee or assignee of any written instrument not negotiable by the law merchant, may by assignment transfer all his interest therein to another." It is to be noticed that the language of the statute is permissive, granting an assignor the privilege of assignment in the event he would have such right except for inhibition of law. However, the statute has been authoritatively construed in a case where it was held: "The statute is very general, but a proper construction would limit it so as not to include the classes of contracts which are by their terms or in their nature not assignable * * *." Reef v. Mills Novelty Co., 126 Tex. 380, 89 S.W.2d 210 (1936). (See note 175 A.L.R. 1120)

■ Nowhere in the law do we find any provision that such holding would not be applicable to contracts of insurance in this state. We consider it controlling under the facts of the instant case. Despite decisions to the contrary, cited as rendered in other states, the policy of the law in Texas permits the parties to a contract to bind themselves to each other as they see fit, so long as no statute is infringed. Reef v. Mills Novelty Co., supra.

■ Pioneer Casualty had the right to contract, by its policy of insurance, as it saw fit. Its insured agreed to the provisions of the policy contract by acceptance of the same. Therein it was provided that any assignment made or attempted by the insured would not be binding on the company in the absence of its consent. It did not consent. Adverting to the pleadings of the Dallas County Hospital District it is to be observed that the facts in the case foreclose recovery under the cause of action pleaded. Summary judgment in favor of the insurance company was proper in this instance.

All points of error are overruled.

Judgment is affirmed.