**PIONEER CASUALTY COMPANY**

v.

**Jerome G. FELDMAN et al.**

**No. 554.**

Court of Civil Appeals of Texas, Corpus Christi.

May 27, 1971.

Keys, Russell, Watson & Seaman, Ben A. Donnell, Corpus Christi, for appellant.

Stone, Luther & Dyer, Hubert L. Stone, Jr., Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit to enforce payment under the medical benefits provision in an automobile liability insurance policy. The appellant issued a policy to Mary H. Gonzales containing a provision for medical payments in the amount of $2,000.00. Thereafter she sustained injuries as a result of an automobile accident. Subsequently, Gonzales assigned to the appellees, (her doctor, a physical therapist and a medical supply company) her claim for medical expenses, under her insurance poli-cy. The insurance company refused to pay the appellees or honor the assignment. They brought this action to recover the value of their services rendered and for the goods delivered to the insured. At the conclusion of the evidence, both the appellant and appellees filed motions for an instructed verdict. The trial court denied the appellant's motion, but granted appellees' motion and awarded judgment in the total sum of $1,075.65 plus attorney's fees in the total amount of $358.59.

Appellant's first point of error is directed to the trial court's instructed verdict, because appellant contends that the evidence came only from interested witnesses, and that such testimony could only, at best, raise a fact issue as to the reasonableness and necessity of appellees' services which issues the jury should have been allowed to decide.

Appellee Dr. George B. Barnes, testified in detail as to the nature of Mary Gonzales' injuries and the treatment prescribed by him. His testimony was positive and exact. A statement rendered many months prior to the trial detailed his charges, the type of treatment, and dates upon which the treatments and visits occurred. He testified that he was familiar with the customary charges for the kind of services paid to the members of his profession in the area. He testified that the charges that he made in connection with Mary Gonzales were necessary, reasonable and the customary charges for the type of services made by members of his profession. He stated that the treatment he gave Mary Gonzales was only for injuries which resulted from the automobile accident.

The documentary evidence which corroborated the doctor's testimony was not objected to by appellant. Other testimony by appellees Jerome G. Feldman and the owners of Orthopedic Therapeutic Manufacturing Company were equally direct and positive. The testimony was documented

by exhibits concerning statements for their services and goods. Mary Gonzales testified that she had sustained the injuries that were testified to by the appellees; that she had assigned her interest in the insurance policy issued by appellant to appellees; and that the treatment by Dr. Barnes and Mr. Feldman, the physical therapist, was for injuries she received as a result of the automobile accident.

Appellant contends that while Mary Gonzales was in the hospital as a result of the accident she was operated on for a pre-existing ulcer condition. Appellant argues that the case should have been submitted to the jury, because the jury may have well believed that some portion of the hospital visits which were made by Dr. Barnes were not reasonably necessary as a result of the automobile accident.

The appellees testified directly and positively that the services performed by them were confined to the treatment of the injuries Mary Gonzales received from the accident. A doctor, J. E. Antoni, treated Mary Gonzales for her ulcer condition. The appellant made no attempt to call Dr. Antoni as a witness. Therefore, the inference is, that Dr. Antoni would have corroborated Dr. Barnes' testimony to the effect that Dr. Barnes treated Mary Gonzales only for the injuries which resulted from the accident.

■ The rule has often been stated, that the truth or falsity of uncorroborated testimony of an interested party (as to facts favoring himself) must be left to the sound discretion of the jury, because such evidence from an interested witness cannot be considered as doing more than raising an issue of fact. However, this rule has its exception. If the testimony of an interested witness or party is not wholly without probative force " * * * An instructed verdict based thereon favorable to the party with whom the witness is identified is proper when the testimony pertains to matters reasonably capable of exact statement,

and is clear, direct, and positive, is internally devoid of inconsistencies and contradictions, and is uncontradicted either by the testimony of other witnesses or by circumstances—in short, when there is nothing to cause any reasonable suspicion as to its truth. Particularly is this rule applicable when there is some corroboration, either by another witness or by surrounding circumstances; but, of course, when there exists corroboration we are no longer dealing with an issue raised solely by the testimony of an interested witness. The most effective corroboration is afforded by the fact that the opponent offers no contrary evidence when the testimony relates to matters not solely within the knowledge of the witness and subject to ready contradiction if the testimony be false * * *." McDonald, Texas Civil Practice, Jury Trial, Sec. 11.28.6, pp. 249–250.

■ Here the appellees' testimony was made certain by Mary Gonzales. All the testimony was corroborated further by documentary evidence, including a detailed medical report furnished by Dr. Barnes to the appellant insurance company. Finally the appellants failed to dispute or offer to contradict any of this testimony, when another doctor who had knowledge of the facts was not called to dispute or contradict the testimony. Walker v. Simons, 243 S.W.2d 600 (Tex.Civ.App.-Waco 1951, n. r. e.); 56 Tex.Jur.2d, Trial, § 210, pp. 550 & 551. We hold the trial court was not in error in directing the verdict for appellees.

Appellant's second point is that the trial court erred in granting the appellees' motion for directed verdict because the appellees had failed to obtain the insured's endorsement of the assignment on the insurance policy proper. They cite Dallas County Hospital Dist. v. Pioneer Casualty Co., 402 S.W.2d 287 (Tex.Civ.App.-Ft. Worth 1966, n. r. e.). The Dallas County Hospital District case is distinguishable from the facts in the case before us. Here the appellant insurance company wrote to appellees and told them that they, Pioneer

Casualty Company (the appellant) had agreed to make payments directly to the doctors if they would obtain an assignment of benefits from the insured. The appellant stated that appellees would have no problem, so long as the bills relating to the accident were separated from the bills relating to other illnesses of the insured.

■ The assignment was obtained as specified by appellant from Mary Gonzales, the insured. The statement for services rendered were separated, and the appellees testified positively to this effect. The petition had a copy of the assignment attached to it and the same was sworn to. No exception was levied to the petition by the appellant. The insured testified in person without contradiction that she had executed the assignment and delivered it to the appellees. There is no contention that appellant had already paid the claim. We hold that the undisputed facts conclusively establish that the appellant has waived the policy endorsement requirement by the insured. This point is overruled. Texas Farm Bureau Mutual Insurance Co. v. Carnes, 416 S.W.2d 863 (Tex.Civ.App.-Corpus Christi 1967, n. r. e.); Texas Farm Bureau Underwriters v. Hasting, 449 S. W.2d 283 (Tex.Civ.App.-El Paso 1969, n. w. h.); Graham v. San Antonio Machine and Supply Corp., 418 S.W.2d 303 (Tex. Civ.App.-San Antonio 1967, wr. ref. n. r. e.); Aetna Casualty and Surety Company v. Clark, 427 S.W.2d 649 (Tex.Civ.App.-Dallas 1968).

Appellant's third and fourth points are directed toward appellees' claim for goods delivered in the amount of $66.65. Appellant complains that there is a variance between the plaintiff's name and the proof. Appellant also contends that the charges were not covered by the terms of the policy in question. We have carefully considered these two points of error and fail to find merit in appellant's contentions. Appellant's points are overruled.

Judgment of the trial court is affirmed.