J. P. MINTER, Appellant,

v.

Merle C. JOPLIN and Joe Joplin, Appellees.

No. 8653.

Court of Civil Appeals of Texas, Amarillo.

March 22, 1976.

738

Warren Burnett Associated, Richard J. Clarkson, Odessa, for appellant.

Crenshaw, Dupree & Milam, Cecil Kuhne and J. Orville Smith, Lubbock, Ray D. Anderson, Brownfield, for appellees.

ROBINSON, Justice.

Plaintiff, J. P. Minter, sued defendants, Joe Joplin and his son, Merle Craig Joplin, to recover damages for injuries sustained by plaintiff in a collision between plaintiff's automobile and an automobile driven by the son. The son's negligence and liability and the absence of contributory negligence of the plaintiff were stipulated. The question of the father's liability for negligent entrustment of the automobile to his son was tried to a jury. The trial court rendered judgment on the verdict that plaintiff take nothing as to the defendant father. Plaintiff appeals. Affirmed.

The plaintiff asserts that jury findings that the son was not driving the automobile with the permission of the father, and that the father was not the owner of the automobile at the time of the collision were against the overwhelming weight and preponderance of the evidence.

The evidence shows that at the time of the accident the son was 19 years old and an adult. The certificate of title to the car he was driving was in his father's name, but both father and son testified that the car belonged to the son. The son, Craig Joplin, bought the car when he was 16 years old. The evidence shows that the full purchase price of the car, $3,600, was paid by Craig Joplin. In order to pay for the car, Craig borrowed $1,600 from Lahey Gin, and the balance of $2,000 was paid out of his personal savings account. In this connection, defendant offered into evidence the check for $1,600 from Lahey Gin to Craig Joplin showing the endorsement by McAdoo Chevrolet, and a copy of the ledger sheet showing deposits and withdrawals from Craig's savings account. The money in Craig's savings account and that used to repay the loan was money paid to him by his father for work in helping to harvest the father's cotton crops over a period of several years. The father testified that he carried the car on his fleet insurance, but that his agent knew the car was the son's. There is testimony that on the occasion of the accident, the father did not know the son was driving the car, but he felt that his son had a right to leave and take the car with him at any time he chose.

■ The name on the certificate of title is not conclusive of ownership. Evidence of

the name in which an automobile is registered raises only "an administrative presumption" of ownership which is not evidence of ownership, and "which vanishes when positive evidence to the contrary is introduced." *Pioneer Mutual Compensation Company v. Diaz*, 142 Tex. 184, 177 S.W.2d 202, 204 (1944); *Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763 (1940). See also *Strickland Transportation Co. v. Ingram*, 403 S.W.2d 192, 194 (Tex.Civ. App.—Texarkana 1966, writ dism'd).

■ After considering all of the evidence, we find that the jury answers refusing to find that the son was driving the car with permission of the father and refusing to find that the father was the owner of the car are not so against the great weight and preponderance of the evidence as to be manifestly unjust.

Plaintiff asserts that the trial court erred reversibly in excluding evidence of the son's use of marijuana and in excluding evidence of a pipe, used to smoke marijuana, which was found in the car. There was no evidence that the son had been smoking marijuana on the occasion in question. Plaintiff contended at the trial and contends in his brief that the excluded testimony was relevant on the question of the father's negligence in any entrustment of the car to his son.

■ Issues inquiring if the son was a reckless and incompetent driver and if, when the father permitted the son to drive, he knew or, by using ordinary care, would have known that the son was a reckless and incompetent driver were submitted to the jury. They were to be answered, however, only if the jury first found that the son was driving the car with the permission of the father. The jury did not so find. It was not required to answer and did not answer those issues. The evidence concerning marijuana was not relevant to the questions concerning whether the father owned the car or whether he gave the son permission to drive it. Those were the only questions, other than the damage issues, answered by the jury. Thus, the error in excluding such evidence, if there was error, could not have

resulted in the rendition of an improper verdict. Rule 434, Texas Rules of Civil Procedure.

In a letter memorandum submitted after oral argument, plaintiff, for the first time contends that evidence of a pending criminal charge against Craig Joplin for possession of narcotic paraphernalia should have been admitted on the question of Craig's credibility as a witness.

In *Compton v. Jay*, 389 S.W.2d 639 (Tex. 1965), the Supreme Court approved a rule limiting admissibility in civil cases of evidence of both misdemeanor and felony offenses as follows:

> The rule is that where the witness has been legally charged by indictment, complaint, or information and complaint, *with an offense involving moral turpitude*, and has been legally convicted of such offense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness. (Emphasis by the Supreme Court.)

The Court stated that it was not disposed to relax the accepted rule so as to admit evidence which might have a highly prejudicial effect, although it would have little or no logical bearing on the issue of credibility.

■ Since possession of narcotic paraphernalia is not an offense involving moral turpitude, evidence of such a charge is not admissible under the *Compton v. Jay* standard. We would overrule plaintiff's contention that it should have been admitted except that we find no assignment in plaintiff's amended motion for new trial complaining of the exclusion by the trial court of evidence of a criminal charge. The question, thus, is not before us on appeal. Rule 324, T.R.C.P.

The judgment of the trial court is affirmed.