**Douglas W. BLACK, Appellant,**

v.

**BLC INSURANCE COMPANY, Appellee.**

**No. 01–86–0492–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1986.

Rehearing Denied Feb. 19, 1987.

Thomas C. McMahon, Thomas C. McMahon, P.C., Houston, for appellant.

Elena DiIorio, Frank W. Mitchell, Vinson & Elkins, Houston, for appellee.

Before SAM BASS, DUNN and COHEN, JJ.

**OPINION**

COHEN, Justice.

Black appeals from a summary declaratory judgment that BLC Insurance Company ("BLC") had no duty to defend against his claim because BLC had no liability to him under its insurance policy.

On May 6, 1983, BLC issued an automobile liability insurance policy to Thomas Webster covering his 1972 Dodge. Webster sold the car to Robert Linville on September 9, 1983. A week later, Linville sold the car to Warren Sanchez. Sanchez took possession on September 17, 1983, paying $270 and promising to pay the balance by September 30, 1983. Linville gave Sanchez a bill of sale to evidence the transaction. On October 23, 1983, Sanchez, while driving the 1972 Dodge, was killed in a collision with a car driven by the appellant, Black. Black, who was injured, sued Sanchez' estate for damages.

BLC sought a declaratory judgment that it had no duty to defend or indemnify Sanchez' estate under its insurance policy issued to Thomas Webster, because Webster had sold the insured auto before the accident. Black filed a counter-suit for declaratory judgment, contending that BLC had a duty to defend and indemnify Sanchez' estate. Both parties moved for summary judgment, and the court granted BLC's motion and denied Black's.

Appellant's sole point of error contends that the court erred in granting summary judgment for BLC, because Webster's policy was not cancelled and still covered the 1972 Dodge on October 23, the date of the accident.

The pertinent portions of the insurance policy provided:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations, and

2. The spouse if a resident of the same household.

\* \* \* \* \* \*

"Your covered auto" means:

1. Any vehicle shown in the Declarations;

2. Any of the following types of vehicles on the date you became the owner:

    a. a private passenger auto; or

    b. a pickup, panel truck or van, not customarily used in any business or occupation other than farming or ranching.

This provision applies only if you:

    a. acquire the vehicle during the policy period; and

    b. notify us within 30 days after you become the owner.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must notify us of a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

3. Any trailer you own.

4. Any auto or trailer you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its

    a. breakdown;

    b. repair;

    c. servicing;

    d. loss; or

    e. destruction

\* \* \* \* \* \*

## PART A—LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.

"Covered person" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or trailer, other than your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.

Black contends that "your covered auto" in the policy means "any vehicle shown in the Declaration," and the declaration named the 1972 Dodge; therefore, the car remained insured under Webster's policy, despite the two changes of ownership. Black charges that the trial court's judgment has improperly added to the policy a requirement that the named insured (Webster) own the "covered auto."

Black argues that the rule in *Snyder v. Allstate Insurance Co.*, 485 S.W.2d 769 (Tex.1972), requires BLC to provide coverage after Webster sold the car. We disagree.

In *Snyder*, the court held:

In this case, it is undisputed that the named insured parent retained the certificate of title in his name and that he gave permission of use to his minor daughter. The parent-child relationship here governed how Darla used the car, since it is undisputed that both Darla and J.B. Rhodes recognized that Darla's use was subject to the instructions given her by her father. Since this control existed,

J.B. Rhodes could give permission to Darla and impliedly to Robert Snyder within the terms of the Allstate policy. 485 S.W.2d at 773 (footnote omitted). This case differs from *Snyder,* because here there was no relationship between Webster, the named insured, and Sanchez, the alleged tort-feasor, that gave Webster any power to control Sanchez's use of the car.

In *Gulf Insurance Co. v. Bobo,* 595 S.W.2d 847 (Tex.1980), plaintiffs sued under a liability policy issued by Gulf to Avett. Avett had agreed to sell his truck to Havens. Havens took possession, and Avett considered Havens to be the owner from then on, although they were to meet at the bank on February 15 to close the sale. On February 14, however, Havens wrecked the truck, injuring the plaintiffs. The issue presented was whether Havens was insured under Avett's policy, which covered any permissive user of the automobile. The Texas Supreme Court held:

> A conditional vendee does not use the insured vehicle with the consent of the vendor and is not covered as an additional insured under the omnibus clause of the liability insurance policy because after an agreement is reached and delivery is made, the buyer, and not the seller, has control over the vehicle....
>
> In this case Avett had neither the right nor the power to control Havens' use of the pickup truck. A buyer of a vehicle does not become an additional insured under the seller's policy merely because of the conditional nature of the sales transaction. Thus, [plaintiffs] are not entitled to recover under Avett's policy with Gulf because Havens is not an additional insured under the policy.

*Id.* at 848–849 (citation omitted). The court distinguished *Snyder,* because in that case

> the named insured parent retained control over his minor daughter's use of the car. His power to control the use of the vehicle was created by the parent-child relationship and was recognized by his daughter.

*Id.* at 849:

> We hold that Webster's ownership of the car was a prerequisite to coverage under this policy. The policy language is clear.

A "covered person" is any person using "your covered auto." "Your covered auto" is defined in the policy as "any vehicle shown in the declarations." The word "your" is defined as referring to:

> the "named insured" shown in the declarations....

The use of the word "your" in this policy means that Webster had to own, possess, or at least, as in *Snyder,* control the use of the car in order for coverage to exist.

Other courts have reached the same result even though, as in the present case, the named insured remained the record owner on the certificate of title, *Johnson v. Safeco Insurance Co.,* 464 S.W.2d 164 (Tex.Civ.App.—El Paso 1971, no writ), and despite statutes providing that unrecorded sales are void. Tex.Rev.Civ.Stat.Ann. art. 6687–1, sec. 33, 53 (Vernon 1977 & Supp. 1986). *See also Pfluger v. Colquitt,* 620 S.W.2d 739 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.) (sale not in compliance with title act held effective between the parties). Courts in other states have reached the same result. *Sowa v. National Indemnity Co.,* 102 Wash.2d 571, 688 P.2d 865 (1984).

A finding of coverage under these facts would deprive an insurance company of the right to choose its customers and delegate that power to the insured when choosing a buyer. It would expose the insurer to a greater risk than it assumed by covering permissive users. This is because the insured will generally loan his car cautiously, in order to get it back whole. The insured will not be so careful, however, when selling. Then he will likely sell to the highest bidder, no matter how unskilled or uninsurable the person may be. That is a risk that neither party bargained for, and it is not one plainly included within the policy's language. The trial judge's decision was supported both by the policy language and by sound public policy.

Appellant's point of error is overruled.

The judgment is affirmed.