779 P.2d 821

**Darrell D. HULTS, Sr., and Laura Hults, husband and wife, and Darrell Duane Hults, Jr., by and through his guardian's ad litem, Darrell D. Hults, Sr., and Laura Hults, Plaintiffs/Appellees,**

v.

**Elsie L. PASH, Defendant,**

and

**the Aetna Casualty & Surety Company, Garnishee/Appellant.**

No. 2 CA–CV 88–0277.

Court of Appeals of Arizona, Division 2, Department B.

March 23, 1989.

Reconsideration Denied May 11, 1989.

Review Denied Oct. 11, 1989.

Risner & Graham by Kenneth K. Graham, Tucson, for plaintiffs/appellees.

Bury, Moeller, Humphrey & O'Meara by Marshall Humphrey, III and Donald Estes, Tucson, for garnishee/appellant.

OPINION

LACAGNINA, Chief Judge.

Aetna Casualty & Surety Company appeals from a judgment entered on a writ of garnishment for payment of a personal injury judgment taken by default against Elsie Pash, the driver and purchaser of an automobile described in an insurance policy between the seller and Aetna. All issues of liability of the sellers of the automobile, Leo and Jill Beuning, based on ownership, sale and negligent entrustment were resolved in favor of Aetna's insured, Beuning, by judgment in their favor and against Darrell D. Hults, Sr., his spouse and son, on November 26, 1986. Beunings presented evidence of the sale and delivery to Pash of the automobile in question including the terms of the agreement providing for payment of the purchase price in installments. No appeal was taken from this judgment.

Thereafter, Hults served a writ of garnishment on Aetna. After a hearing on Hults' objection to Aetna's answer alleging there were no assets of Pash in its possession, the trial court concluded from the language of Aetna's policy that the vehicle was a "covered auto" and Pash a "covered person" and entered judgment against Aetna in the amount of Hults' judgment against Pash.

We disagree with the trial court's interpretation of the insurance policy and reverse.

## THE POLICY

The named insureds in the policy in question were Leo J. and Jill J. Beuning, and the "description of your auto(s)" described a 1976 Oldsmobile.

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance. For purposes of this policy any private passenger type auto leased under a written agreement to any person for a continuous period of at least six months shall be deemed to be owned by that person.

Other words and phrases are defined. They are boldfaced when used.

"Your covered auto" means:

(a) Any vehicle shown in the Declarations.

Liability coverage provides:

We will pay damages for bodily injury or property damage for which any **covered person** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"Covered person" as used in this Part means:

\*     \*     \*     \*     \*     \*

2. Any person using your **covered auto.**

And further, under the transfer of interest provisions of the policy, "[y]our rights and duties under this policy may not be assigned without our written consent."

## NO COVERAGE FOR PURCHASER OF AUTOMOBILE

The judgment of the trial court dated November 26, 1986, from which no appeal was taken, finally decided the ownership and liability issues between Hults and Beuning. The issues upon which that judgment was based were stated by the court in its November 3, 1986 minute entry:

Mr. Estes requests that the Court grant summary judgment in favor of defendants BEUNING.

Counsel argue the following two issues to the Court:

1. Whether the defendants Beuning sold the vehicle to the defendants Pash.

2. Whether the Beunings can be liable in negligent entrustment to plaintiffs arising out of a sale of a vehicle.

■ Having decided Beunings sold the Oldsmobile described in the policy to Pash, the court could not thereafter conclude the Oldsmobile was a "covered auto" and that Pash, the purchaser of the auto, was a "covered person." The policy explicitly states that "you" and "your" refer to the "named insured." Under definitions, "your covered auto" means "any vehicle shown in the declarations." The Oldsmobile was listed on the declarations page of the policy in the box titled, "Description(s) of *your auto (s) or trailer(s)*." (Emphasis added). "Your auto" means an automobile owned or possessed by the named insured. *Black v. BLC Ins. Co.,* 725 S.W.2d 286 (Tex.App. 1986); *Sowa v. National Indemnity Co.,* 688 P.2d 865 (Wash.1984). *See also Wallace v. Employers Casualty Co.,* 418 F.2d 1323 (9th Cir.1969).

■ At the time of the accident, the named insured, Beuning, did not own, possess or control the Oldsmobile involved in the accident; therefore, it was not a covered auto and Pash could not be a covered person because she was not driving a covered auto.

Hults argues that even if the "your covered auto" requires ownership of the vehicle, the policy covers Pash and this accident because the terms of sale required Pash to pay the purchase price in installments; therefore, Beuning still maintained an insurable interest in the Oldsmobile. We reject this argument because the fact that the terms of sale included installment payments does not negate the transfer of ownership. *Semple v. State Farm Mutual*

*Auto Ins. Co.*, 215 F.Supp. 645 (E.D.Pa. 1963); *Bendall v. Home Indemnity Co.*, 238 So.2d 177 (Ala.1970); *Gulf Ins. Co. v. Bobo*, 595 S.W.2d 847 (Tex.1980); *Truck Ins. Exchange v. Hanson*, 254 P.2d 494 (Wash.1953).

■ The policy provided liability coverage only if the court had found some factual basis to impose legal responsibility upon Beuning for Pash's negligent operation of the vehicle, *Bendall, supra,* but the contrary occurred in this case by the judgment of November 26, 1986, absolving Beuning from liability to Hults.

We exercise our discretion in the award of attorneys' fees provided by A.R.S. § 12–341.01(A), and deny the request for fees.

ROLL, P.J., and FERNANDEZ, J., concur.