**TEXAS FARMERS INSURANCE COMPANY, Appellant,**

v.

**Sally GERDES, By and Through Her Assignee, GRIFFIN CHIROPRACTIC CLINIC, Appellee.**

No. 2–93–131–CV.

Court of Appeals of Texas, Fort Worth.

July 6, 1994.

Rehearing Denied Aug. 9, 1994.

Craig L. Reese, Liles, Hartley, Jensen & Woods, L.L.P., Fort Worth, for appellant.

S. Gary Werley, Bishop, Payne, Williams & Werley, L.L.P., Fort Worth, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Texas Farmers Insurance Company, appeals the trial court's summary judgment awarding recovery for breach of contract in favor of appellee, Griffin Chiropractic Clinic, and further challenges the trial court's action overruling its cross-motion for summary judgment. The sole issue before us is whether the non-assignment clause contained in an insurance contract bars a third-party beneficiary from assigning her rights.

Because we conclude the non-assignment clause was valid, we reverse and render a take-nothing judgment.

The parties agree there is no dispute regarding the facts of the case. The record reflects that on November 18, 1990, Sally Gerdes was injured when a vehicle, in which

she was riding as a passenger, was involved in a minor collision. The automobile was owned and operated by Bernardo Saldano and was insured by Texas Farmers. The policy provided Personal Injury Protection coverage to any passenger injured while occupying a covered automobile with the permission of the named insured.

On November 21, 1990, Gerdes began a series of treatments at Griffin Chiropractic Clinic. Without obtaining written consent from Texas Farmers, Gerdes signed an assignment of rights, dated November 20, 1990, assigning "any and all claims, demands, and causes of action of whatsoever kind and nature, which I now have or may have in the future against any third person or entity, including, but not limited to, any insurance company...." Following receipt of the assignment, Texas Farmers paid Gerdes $1,003 for the chiropractic treatments under the Personal Injury Protection coverage of Saldano's policy. Gerdes never paid Griffin Chiropractic.

Griffin brought suit against Texas Farmers for payment premised on the assignment of rights executed by Gerdes. Both parties moved for summary judgment stating no material issue of fact existed. Griffin claimed damages for breach of contract. Texas Farmers asserted the affirmative defense of no valid assignment. Without delineating the grounds supporting its judgment, the trial court granted summary judgment in favor of Griffin and awarded $1,003 in actual damages, $120 in prejudgment interest, $1,500 in attorney's fees and all costs.

In five points of error, Texas Farmers contends the trial court erred in considering grounds advanced in a post-hearing letter and not asserted in appellant's motion for summary judgment and in granting summary judgment because 1) Griffin failed to establish that it was entitled to summary judgment as a matter of law on its breach of contract claim, 2) Griffin failed to prove a valid assignment existed, and 3) the summary judgment evidence raised a fact issue on each element of Texas Farmer's affirmative defense of no valid assignment. Texas Farmers further contends the trial court erred in denying its cross-motion for summary judgment because no valid assignment existed.

■ Where a trial court grants summary judgment but does not articulate the specific grounds on which it relies, the party seeking reversal must show there are no grounds raised in the motion to support the summary judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). If we determine the trial court erred in granting summary judgment, we may review the trial court's action overruling appellant's motion. *Adams v. Parker Square Bank,* 610 S.W.2d 250, 251 (Tex.Civ.App.—Fort Worth 1980, no writ). If appellant has established all elements of its affirmative defense as a matter of law, it is entitled to summary judgment. *Id.* In the instant case, Griffin moved for summary judgment claiming Texas Farmers breached its contract by failing to pay Griffin for services rendered to Gerdes. In order to award summary judgment in favor of Griffin, the trial court must have found a breach occurred and impliedly found a valid assignment existed. We consider whether the trial court correctly concluded a valid assignment existed.

■ To recover on an assigned cause of action, the party claiming the assigned rights must prove a cause of action existed that was capable of assignment and the cause was in fact assigned to the party seeking recovery. *Pape Equipment Co. v. I.C.S., Inc.,* 737 S.W.2d 397, 399 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.). There is no dispute that Gerdes was entitled to compensation for medical treatment for injuries suffered while occupying an automobile insured by Texas Farmers. In addition, there is no dispute that Gerdes signed an assignment of rights assigning her cause of action to Griffin. The sole issue before us is therefore, the validity of the assignment of rights. Without a valid assignment, no breach of contract could have occurred.

■ Generally, a contract of insurance is subject to the same rules of construction as other contracts. *National Union Fire Ins. Co. v. Hudson Energy Co., Inc.,* 811 S.W.2d 552, 555 (Tex.1991). If the insurance contract is worded so that it can be given a

certain definite meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *GT & MC, Inc. v. Texas City Refining, Inc.*, 822 S.W.2d 252, 255–56 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Moreover, where there is no ambiguity, it is the court's duty to give words their plain meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984). The non-assignment clause, contained in the General Provisions portion of the contract, is unambiguous and provides:

> Your rights and duties under this policy may not be assigned without our written consent.

Non-assignment clauses have been consistently enforced by Texas courts, *Island Recreational Dev. Corp. v. Republic of Texas Savings Ass'n*, 710 S.W.2d 551, 556 (Tex. 1986) (opinion on reh'g) (letter of commitment); *Cloughly v. NBC Bank–Seguin, N.A.*, 773 S.W.2d 652, 655 (Tex.App.—San Antonio 1989, writ denied), and by the Fifth Circuit applying Texas law. *Conoco, Inc. v. Republic Ins. Co.*, 819 F.2d 120, 123 (5th Cir.1987). In addition, the prohibition against the assignment of rights by a named insured to an insurance contract has been upheld by this court. *Dallas County Hospital Dist. v. Pioneer Casualty Co.*, 402 S.W.2d 287, 288 (Tex. Civ.App.—Fort Worth 1966, writ ref'd n.r.e.).

Griffin concedes the clause bars assignment by the named insured but contests the clause's application to a third-party beneficiary. Griffin further asserts that throughout the policy the terms "you" and "your" refer to the named insured only and when the policy's non-assignment clause is given a narrow and strict reading, it does not preclude a third-party beneficiary from assigning her rights.[1] Griffin alternatively contends that because the clause is silent regarding the assignment rights of a third-party beneficiary, it unambiguously allows assignment. Griffin cites no authority directly supporting these propositions, and we are reluctant to read this new meaning into the contract. *See Entzminger v. Provident Life & Accident Ins. Co.*, 652 S.W.2d 533, 537 (Tex.App.—Houston [1st Dist.] 1983, no writ) (courts should not create new contracts for the parties by arbitrary judicial construction).

A third-party beneficiary "steps into the shoes" of the named insured and is bound by the terms of the policy. *Texas Pacific Indemnity Co. v. Atlantic Richfield Co.*, 846 S.W.2d 580, 583 (Tex.App.—Houston [14th Dist.] 1993, writ denied). The beneficiary, for whose advantage a contract is made and enforced, does not receive greater rights and cannot acquire better standing to enforce the contract than that held by the contracting party. *Stonewall Ins. Co. v. Modern Exploration, Inc.*, 757 S.W.2d 432, 434–35 (Tex.App.—Dallas 1988, no writ). Moreover, a policy cannot be extended by implication or enlarged by construction beyond the actual terms of the agreement entered into by the parties. *Great Am. Ins. Co. v. Langdeau*, 379 S.W.2d 62, 65 (Tex. 1964). This is exactly what would occur if we were to construe the policy to allow Gerdes to assign her rights.

Griffin further contends that because Texas Farmers drafted the policy, it should be construed strictly and against them. It is well established that insurance policies are strictly construed in favor of the insured to avoid exclusion of coverage. *Puckett*, 678 S.W.2d at 938. The cases cited by appellant in support of this contention, without exception, stand only for the proposition that any uncertainty or ambiguity regarding coverage is resolved in favor of the insured. *See e.g., National Union Fire Ins. Co.*, 811 S.W.2d at 555 (exclusions must be construed as urged by an insured so long as the construction is not unreasonable, even if the construction urged by insurer is more reasonable); *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987) (benefits offset provision must be plain and unambiguous to effect reduction in disability benefits); *Blaylock v. American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 721 (Tex.1982) (limitations and

---

1. Griffin relies on *Black v. BLC Ins. Co.* in support of this proposition. 725 S.W.2d 286, 288 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). However, *Black* does not stand for this proposition and is inapposite to the instant case. *Black* held only that the use of the word "your" in the policy confined coverage to vehicles owned, possessed or controlled by the Named Insured. *Id.* at 288.

exceptions construed strictly against insurer); *Glover v. National Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex.1977) (warranty clause limiting coverage construed strictly against insurer). We reject appellee's contention. First, coverage is not at issue in the instant case. Gerdes was undeniably covered and received compensation under the Personal Injury Protection coverage of the policy. More importantly, however, the rule does not apply when the term in question is susceptible to only one reasonable construction. *See Puckett,* 678 S.W.2d at 936. Neither the clause nor its application, under accepted contract rules, is ambiguous. A third-party beneficiary may not claim greater rights than those afforded to the named insured, and the named insured is barred from assigning his rights without the written consent of the insurer.

We hold Gerdes, as a third-party beneficiary to the insurance contract, assumed the same rights and duties as the named insured. We further hold the non-assignment clause contained in the insurance contract effectively barred an assignment of rights. The assignment Gerdes executed accordingly had no effect. Griffin acquired no rights against Texas Farmers, and Texas Farmers assumed no duties to Griffin. Because there was no breach of contract, we reverse the judgment of the trial court and render a take-nothing judgment.