IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10768
_____


INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA,

                    Plaintiff - Counter Defendant - Appellee

v.

LAWRENCE HUTTER

                    Defendant - Counter Claimant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
4:98-CV-1063-E
_____
April 4, 2002

Before KING, Chief Judge, and GARWOOD and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Counter Defendant-Appellee Insurance Company of

the State of Pennsylvania ("ICSOP") filed suit seeking a

declaratory judgment that it had no liability to Defendant-

Counter Claimant-Appellant Lawrence Hutter under a commercial

property policy issued by ICSOP to M & W Holdings, Ltd., with

Federal Deposit Insurance Corporation named as mortgagee.  During

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the term of the policy, Hutter was neither an insured nor a mortgagee under the ICSOP policy. After the district court entered a partial summary judgment in favor of ICSOP, dismissing Hutter's extra-contractual claims and finding that Hutter could not make any claims under the policy as an owner of property, M & W Holdings purported to assign its interest in, or rights under, the ICSOP policy to Hutter at a time when M&W Holdings had no right to bring suit on the policy. ICSOP did not consent to the assignment. Hutter then proceeded to assert a claim against ICSOP based on the assignment. ICSOP defended on the basis, among others, that the anti-assignment clause of the policy barred Hutter's claim. The district court agreed with ICSOP and granted another partial summary judgment, this time finding Hutter's claims based on the purported assignment barred by the anti-assignment clause of the ICSOP policy. After entry of judgment in favor of ICSOP, Hutter appeals.

In this diversity case, Texas law governs. Anti-assignment clauses are enforced generally under Texas law. See Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n., 710 S.W.2d 551, 556-57 (Tex. 1986); Tex. Farmers Ins. Co. v. Gerdes, 880 S.W.2d 215, 218 (Tex. App.-Fort Worth 1994, writ denied). Such clauses are also enforced so as to preclude the assignment of a claim under an insurance policy. See Gerdes, 880 S.W.2d at 218-19; Tex. Pac. Indem. Co. v. Atlantic Ritchfield Co., 846 S.W.2d 580, 584-85 (Tex. App.-Houston[14th dist.] 1993, writ

denied); <u>Conoco, Inc. v. Republic Ins. Co.</u>, 819 F.2d 120, 124 (5th Cir. 1987)(applying Texas law). Hutter argues that the policy reasons supporting the enforcement of an anti-assignment clause should not apply if the assignment in question occurs after the loss. As ICSOP correctly points out, however, the assignments at issue in <u>Gerdes</u> and <u>Conoco</u> occurred after the loss, and we do not have a roving mandate to disregard settled Texas law based on our view of what is wise policy.

Hutter's final argument is that following the decision of the Texas Supreme Court in <u>Hernandez v. Gulf Group Lloyds</u>, 875 S.W.2d 691 (Tex. 1994), and this court's decision in <u>Hanson Prod. Co. v. Americas Ins. Co.</u>, 108 F.3d 627, 630-31 (5th Cir. 1997), <u>Conoco</u> is no longer good law. Both those cases, however, involved markedly different facts and issues than this case involves, and they do not stand for the broad proposition that the Texas courts (and hence this court) will no longer apply the explicit terms of an insurance policy in the absence of a showing of prejudice. It is only at that level of abstraction that Hutter even has an argument. The present state of the law in Texas and in this circuit (whatever may be the case elsewhere) is that no showing of prejudice is required to enforce the anti-assignment clause contained in the ICSOP policy, and that clause applies here to bar a post-loss assignment.

The judgment of the district court is AFFIRMED.

3