# Supreme Court of Texas

---

No. 24-0910

---

Theodore Stanley Landry,

*Petitioner*,

v.

Janelle Nicole Landry,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

---

**PER CURIAM**

In this divorce case, Husband offered clear and convincing evidence, including expert testimony, that two investment accounts were his separate property outside the marriage's community estate. Wife submitted no contrary evidence regarding those two accounts. The trial court accordingly declared the accounts to be Husband's separate property and rendered a corresponding judgment. Wife appealed.

The court of appeals has now erred twice in overturning the trial court's judgment. The first time it considered this appeal, the court of appeals misread the record. It concluded (incorrectly) that certain evidence relating to the two investment accounts at issue was absent

from the record, and it reversed the trial court's judgment on that basis. We granted review, showed the court of appeals that the evidence it claimed was missing was actually in the record all along, reversed its judgment, and remanded for the court of appeals to perform the proper analysis. *Landry v. Landry*, 687 S.W.3d 512 (Tex. 2024).

Now the court of appeals has erred on the law. On remand, it summarily rejected Husband's unrebutted evidence, including his expert's testimony and the full record of account statements, that the trial court relied on to conclude the accounts were Husband's separate property. There was no lawful basis to do so. We reverse and render judgment for Husband.

**I**

The full procedural history is set out in *In re B.N.L.*, 700 S.W.3d 681 (Tex. App.—Dallas 2022), *rev'd sub nom.*, *Landry v. Landry*, 687 S.W.3d 512 (Tex. 2024). As recounted there, Husband and Wife married in January 2003. Wife filed for divorce in 2017, and after a two-day bench trial, the trial court signed a divorce decree on March 5, 2020.

The trial court found that various assets belonged to Husband as his separate property—including, as relevant here, two investment accounts with Charles Schwab. Husband opened these two accounts prior to the marriage: the first in 1992 and the second in 1995. Husband designated Bryan Rice, a certified public accountant, to offer expert testimony that these accounts were Husband's separate property. Using a "tracing" analysis, Rice concluded that the funds in the investment accounts remained identifiable as Husband's separate property throughout the course of the marriage. *See generally In re J.Y.O.*, 709

S.W.3d 485, 499 (Tex. 2024) (explaining that litigants may trace separate property through bank records).

To reach that conclusion, Rice traced the funds through the accounts' monthly statements from January 2003 to June 2019. At trial, Rice testified that the accounts' funds did not commingle with community assets "except for reinvestments." And while the accounts earned some community income in the form of interest and dividends, the community estate withdrew money from the accounts "as fast" as it was earned and used it to fund community expenses—meaning the funds in the accounts retained their separate character.

Although Rice considered sixteen years of monthly data from 2003 through 2019, he testified that he did not consider four months of account statements from July 2018 to October 2018. Those statements are in the trial court record, as we pointed out in our prior decision in this case. *Landry*, 687 S.W.3d at 513. It is not clear why Rice did not receive them. But what *is* clear is that Rice testified unequivocally, consistent with his expertise, that those isolated account statements would not have materially impacted his conclusions. Rice testified on direct and cross-examination that he "had established a pattern over 15 years of money going out of this account as fast as it went in" with the other statements. He assured the trial court that his tracing analysis was "completely supported by sufficient documentation" and that he was "very confident in [the] trace" despite the "missing

3

statements" because he had reviewed the "majority of" the statements.[1] Wife left that testimony effectively unrebutted.[2]

The trial court went on to credit Rice as an expert witness. It admitted his testimony, as well as the documentary evidence underlying it. And, as we noted previously, the trial court had before it all relevant account statements, even those Rice did not consider. *Id.* Based on that full record, the trial court determined that the two investment accounts are Husband's separate property.

Wife appealed, and relevant here, the court of appeals reversed the trial court's judgment as to the two investment accounts. *B.N.L.*, 700 S.W.3d at 693, 696. The court focused its analysis on the account statements for the four months spanning July through October 2018. *Id.* at 692-93. The court reasoned that because Rice did not review those documents, he did not "adequately trace the separate-property character of the accounts.*" Id.* at 693. It speculated that "any number of transactions could have occurred affecting the amount of separate property in those accounts" during that period and concluded that "it

[1] The trace analyzed monthly statements for the years 2003 to 2017 (fifteen years), six months of statements in 2018 (January to June), and six months of statements in 2019 (January to June). So, the trace actually analyzed sixteen years' worth of statements, not fifteen.

[2] Wife retained an expert, Larry Settles, to testify in rebuttal and as to "any tracing done by [Husband's] expert." Settles produced a "draft" report regarding his impressions of Rice's report and was deposed. However, the trial court excluded Settles as untimely designated, and the court of appeals affirmed that exclusion. *B.N.L.*, 700 S.W.3d at 689. Wife did not raise an issue regarding Settles's exclusion in this Court and did not make any further attempt to rebut Rice's testimony. Additionally, she did not raise an issue regarding the characterization of the accounts until after trial, in her motions to reconsider and for a new trial.

4

was Husband's burden to prove with clear and convincing evidence that no transactions occurred affecting the separate character of the accounts and proving the amount of separate property in the accounts." *Id.* Because of the "missing" statements, the court continued, "the trial court, as the trier of fact, could not have reasonably formed a firm belief or conviction that the accounts contained only separate-property funds as Rice testified and as the trial court found." *Id.* The court of appeals disregarded Rice's unrebutted expert testimony, credited by the trial court, that his tracing analysis would not be materially affected by the four months of statements in question.

We granted Husband's petition for review and reversed. *Landry*, 687 S.W.3d at 514. We ascertained that the monthly account statements the court of appeals declared "missing" were actually present in the trial and appellate record all along. *Id.* We directed the court of appeals to "perform a new sufficiency analysis" regarding the separate character of the accounts and to "address any challenge to the characterization of the two investment accounts with the relevant statements under consideration." *Id.* at 513-14.

On remand, the court of appeals did not perform a new sufficiency analysis as we instructed. Rather, it stated that "[w]hether the statements do, in fact, support Rice's assumptions about them and whether the trial court would find Rice's testimony less credible if they do not, are not matters this Court may determine." ___ S.W.3d ___, 2024 WL 4211330, at *3 (Tex. App.—Dallas Sept. 17, 2024) (citing *Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.)). The

5

court then once again reversed the trial court's decision and remanded for a new division of the community estate. *Id.* at *4.

Husband again sought our review, and again, we reverse.

## II

We begin our analysis by restating the legal principles the court of appeals failed to apply. As an initial matter, "[p]roperty possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE § 3.003(a). To overcome the community property presumption, a party must establish by clear and convincing evidence that the property is separate. *Id.* § 3.003(b). Specifically, the party must "trace and clearly identify the property in question as separate." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (citing *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973)). "Litigants may trace separate property through documentary evidence, including bank or business records." *J.Y.O.*, 709 S.W.3d at 499 (citing *McKinley*, 496 S.W.2d at 543).

We afford trial courts "wide discretion in dividing the estate of the parties." *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981) (citing *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)). Appellate courts may not overturn a trial court's decision dividing the marital estate absent an abuse of discretion. *See id.*; *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974) ("[A trial court's] discretion [to divide the marital estate] will not be disturbed on appeal unless the court has clearly abused its discretion." (citing *Hedtke*, 248 S.W. at 23)). A trial court abuses its discretion when it characterizes property as separate without legally sufficient evidence to do so. *See In re Marriage of Williams*, 646 S.W.3d 542, 545 (Tex.

6

2022); *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("A trial court abuses its discretion in dividing the community estate if insufficient evidence supports the division.").

Where, as here, the standard of proof is clear and convincing evidence, appellate review of "the legal sufficiency of the evidence considers 'all evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re C.E.*, 687 S.W.3d 304, 308 (Tex. 2024) (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). In a legal-sufficiency review, appellate courts must be mindful that the fact-finder is "the sole judge[] of the credibility of the witnesses and the weight to give their testimony." *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Indeed, "a core function of the [fact-finder] under any standard of proof—including clear and convincing evidence— is to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts." *C.E.*, 687 S.W.3d at 308 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, the trial court heard extensive, unrebutted expert testimony regarding the separate character of the two investment accounts at issue. Rice was duly qualified and accepted as an expert. He "trace[d] and clearly identif[ied]" the accounts' funds as separate through sixteen years' worth of bank statements. *See Pearson*, 332 S.W.3d at 363; *supra* n.1. Wife did not challenge Rice's qualifications. The trial court was free to credit Rice's expert testimony as the basis for its findings of fact and conclusions of law. *See* TEX. R. EVID. 702; *State v. Petropoulos*, 346 S.W.3d 525, 529 (Tex. 2011). And the four months of

7

statements Rice did not consider—a mere two percent of the total number of account statements—were in the record and available to the trial court as fact-finder.

The court of appeals erred when it "substitute[d] its judgment for that of the" trial court. *C.E.*, 687 S.W.3d at 309 (citing *City of Keller*, 168 S.W.3d at 819). It did not carry out our prior instruction to "perform a new sufficiency analysis" including the four months of account statements that were before the trial court as fact-finder. *Landry*, 687 S.W.3d at 513. It instead treated those statements it believed were missing as dispositive, even though they were in fact before the trial court, and even though Rice testified that they would not have altered his expert conclusions. This exemplifies the type of appellate second-guessing our precedents forbid. *See C.E.*, 687 S.W.3d at 309.

We now choose to make our Court "the final stop for this litigation." *See Ammonite Oil & Gas Corp. v. R.R. Comm'n of Tex.*, 698 S.W.3d 198, 208 n.35 (Tex. 2024); TEX. R. APP. P. 60.2(c). Reviewing the above evidence in the light most favorable to the trial court's decision, as we must, we conclude that the trial court could have reasonably formed a firm belief or conviction that the two investment accounts at issue are properly characterized as separate property. Accordingly, there is no basis to disturb its judgment.

### III

Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and render judgment reinstating the trial court's judgment.

**OPINION DELIVERED:** March 20, 2026

8