**GULF INSURANCE COMPANY,**
Appellant,

v.

**Orville K. WINN, Appellee.**

**No. 15679.**

Court of Civil Appeals of Texas,
San Antonio.

Nov. 24, 1976.
Rehearing Denied Dec. 29, 1976.

G. Thomas Coghlan, Allan K. Dubois, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellant.

Ralph W. Brite, Brite, Drought, Bobbitt & Halter, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected its appeal from a declaratory judgment entered after a non-jury trial, that it is obligated to defend Ralph L. Wiley, the named insured in an automobile liability policy, and Gary Wiley, operator of the insured vehicle, in a suit for damages brought by Orville K. Winn as the result of a two-car collision.

On August 22, 1973, Gulf issued a Texas Family Automobile Policy to Ralph L. Wiley covering a 1971 LTD Ford automobile and providing liability, medical payments, comprehensive, and collision coverage. On February 15, 1974, the policy was amended to include three additional vehicles, including a 1972 Ford pick-up truck. On June 8, 1974, this pick-up, while being driven by Gary Wiley with the permission of the named insured, was involved in a collision with Winn's vehicle. On July 11, 1975, Winn filed suit against Gary and Ralph Wiley seeking damages sustained in the collision.

On September 11, 1975, Gulf filed this action under the Uniform Declaratory Judgments Act against Ralph and Gary Wiley, as well as Winn, seeking a declaration that it is not obligated to defend the suit brought by Winn. Gulf alleged that the 1972 pick-up was a stolen vehicle and, therefore, Ralph Wiley did not have an insurable interest which would entitle him to secure a policy of insurance on it. Gulf also sought the return of $1,236.24 paid to Ralph Wiley under the collision coverage for damages to the pick-up. Neither Ralph nor Gary Wiley filed an answer, and a default judgment was entered against Ralph for return of the sum of $1,236.24. The trial court concluded that as to the liability coverage, Ralph Wiley had a sufficient insurable interest, and that Gulf is obligated to defend both Ralph Wiley and his permittee, Gary Wiley.

The evidence is largely uncontradicted. The parties stipulated to the coverage of the four vehicles, the collision, and the subsequent filing of the suit by Winn against Ralph and Gary Wiley. It was also stipulated that Gary Wiley was driving the 1972 Ford pick-up truck with the consent of his uncle, Ralph Wiley. On March 8, 1975, Ralph Wiley was indicted on eight felony counts. He was charged with unlawfully and fraudulently taking four vehicles, including the 1972 Ford pick-up in question, and of unlawfully and fraudulently receiving and concealing said four vehicles. On May 2, 1975, Ralph Wiley pleaded guilty to the felony offense of receiving and concealing stolen property over the value of $50.00 and was sentenced to confinement for a term of ten years in the State Penitentiary and a fine of $1,000.00. The confinement was probated for a period of ten years. The statement of the investigating police officer reveals that the three vehicles added to the policy on February 15, 1974, and one other vehicle, were purchased by Ralph Wiley in a San Antonio bar for the sum of $1,000.00, without any indication of title. He also purchased two stolen inspection stickers at this bar.

Gulf seeks a reversal of the trial court's declaration that it is obligated to defend the suit brought by Winn on two propositions. It urges that the trial court erred in concluding that Ralph Wiley had sufficient insurable interest in the 1972 Ford pick-up truck to support the liability coverage. It also asserts that there is no evidence, or insufficient evidence, to support the trial court's finding that Wiley's lack of lawful ownership of the 1972 Ford pick-up was not material to the risk.

While it may be stated as a general rule that liability insurance, like other forms of insurance, must be supported by an insurable interest in the insured, neither the Texas Family Automobile policy nor the Texas courts require that actual ownership be in the named insured. Such a contention was considered and rejected by the Supreme Court in *Snyder v. Allstate Insurance Company*, 485 S.W.2d 769 (Tex.1972). Since a specific premium charge was paid on the specific vehicle in question, it was there held that the automobile was an "owned automobile" under the definition contained in the policy. The same definition is contained in Gulf's policy, and since a

528

specific premium charge was paid on the 1972 Ford pick-up truck in question, it was an "owned automobile" under the terms of Gulf's policy.

We have found no other Texas case which considered the question of what constitutes an insurable interest sufficient to support liability coverage on an automobile. It is generally recognized that an "insurable interest" in an automobile is quite different when applied to liability insurance, than when applied to a collision or comprehensive loss. The authorities and encyclopedias of law are in apparent agreement that the only interest necessary to the validity of an automobile liability insurance policy is that the insured may incur liability because of the operation, maintenance, or use of the automobile. *See: Farmers Butter & Dairy Coop. v. Farm Bur. Mut. Ins. Co.,* 196 N.W:2d 533 (Iowa 1972); *Western Casualty & Surety Co. v. Herman,* 318 F.2d 50 (8th Cir. 1963); *New York Fire & Marine Underwriters, Inc. v. Fleming,* 276 F.Supp. 479 (E.D.Tex.1967); 7 Blashfield, Automobile Law and Practice, § 291.4 (3rd Ed. 1966); 7 Appleman, Insurance Law and Practice, § 4253 (1962); 44 C.J.S. Insurance § 198 (1945); 7 Am.Jur.2d Automobile Insurance, § 13 (1963) Annot.; 1 A.L.R.3d 1193 (1965).

Ralph Wiley was in possession of the 1972 Ford pick-up and planned to operate it on the public roads of this State. He was thereby confronted with the obvious possibility that this vehicle might be involved in a collision and subject him to potential civil liability. He therefore had a sufficient insurable interest in the vehicle to insure it with liability coverage. He did so by adding it as an additional vehicle to the policy he had with Gulf which covered the LTD Ford actually owned by Ralph Wiley. The premium for the additional vehicles was paid to Gulf, accepted by it, and has never been returned. There is no contention on this appeal that the policy or the amendment was procured from Gulf as the result of any fraud on the part of Ralph Wiley. The trial court did not err in finding that Ralph Wiley's lack of ownership is immaterial to the risk.

Gulf argues that since Ralph Wiley had no legal or equitable title in the pick-up, he could not grant valid permission for Gary Wiley or anyone else to operate it. Such argument is without merit. It was stipulated by Gulf that Gary was driving the pick-up with the consent of Ralph Wiley. Furthermore, the policy in question defines "Persons Insured" in part as:

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and . . ..

Gary Wiley was operating the vehicle with the permission of the named insured and thus was an insured under the terms of the policy.

We conclude from this record that Ralph Wiley had sufficient insurable interest in the 1972 Ford pick-up to procure liability insurance coverage on it. This was done and the policy was in full force and effect at the time of the collision with Winn's vehicle. The trial court did not err in declaring that Gulf is obligated under the terms of its policy to defend Gary and Ralph Wiley in the suit brought by Winn to recover his damages sustained in the collision with the pick-up.

The judgment is affirmed.