**GULF INSURANCE COMPANY, Appellant,**

v.

**Mrs. Minnie O. BOBO, Mrs. Mary Lambert and Commercial Standard Insurance Company, Appellees.**

**No. 18094.**

Court of Civil Appeals of Texas, Fort Worth.

April 19, 1979.

Rehearing Denied May 17, 1979.

Simon, Peebles, Haskell, Gardner & Betty and Anne Gardner, Fort Worth, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne and Joe Bruce Cunningham, Fort Worth, for Bobo and Lambert.

J. M. "Mike" Lee, Fort Worth, for Commercial Standard Ins. Co.

OPINION ON REHEARING

MASSEY, Chief Justice.

Our prior opinion under date of March 8, 1979, is withdrawn. The following is substituted therefor.

Gulf Insurance Company has appealed from a judgment rendered against it in favor of Mrs. Mary Lambert and Mrs. Min-

nie O. Bobo. The judgment was based on a jury verdict which in effect found David L. Havens to be an "additional insured" in a liability policy covering a pickup truck issued by Gulf Insurance Company to William C. Avett.

Affirmed.

Initially Lambert and Bobo had brought suit against Havens, Commercial Standard Insurance Company and Avett. Commercial Standard, who had uninsured motorist coverage on Bobo and Lambert, was severed out of such suit. Bobo and Lambert voluntarily dismissed Avett and proceeded to take a default judgment against Havens. Suit was altered to be against Gulf asserting that Havens was operating the pickup with Avett's permission and was therefore an additional insured under Avett's Gulf policy; that Gulf should pay the default judgment.

Bobo and Lambert, appellees herein, also have appealed that part of the judgment decreeing that they take nothing from Commercial Standard. Such appeal is contingent on a holding by this court that Havens was not an insured under the Gulf policy. Commercial Standard, in its brief, admits its liability to Bobo and Lambert if Gulf is released on this appeal.

The facts here are not in controversy. It appears that Avett owned a pickup truck which he decided to sell. Havens and Avett agreed that Havens should have the truck if he would pay Avett's note at the bank. Avett told Havens: "Okay. You get some insurance on it and you can have it. We'll get the papers fixed down at the bank." Havens said: "All right." Upon Havens' showing Avett a receipt for insurance on the truck on February 12, 1974, Havens took the truck and Avett said: "Okay. It's yours and we'll get the papers changed and that's it."

Apparently Havens had made some sort of arrangements with State Farm Mutual Insurance Company. The matter is not clarified. Apparently, also, State Farm denied any coverage for Havens at any time material. Neither is this clarified. Obvious, however, is that State Farm was never made a party defendant by anyone at any time. Under these circumstances we are bound to view the case as one in which no possible insurance could apply in behalf of either Avett or Havens unless it was the policy of Gulf Insurance Company. (The Commercial Standard cover was by policy of Bobo and Lambert and was uninsured motorists cover; i. e., its coverage would be of concern to no one unless and until it be ascertained that there was no other applicable insurance in force.)

By the state of the pleadings as of time the case went to trial neither Avett nor Havens remained parties adversary. Avett was dismissed as a defendant; Havens had suffered default judgment against him which had become final. Though all the proceedings were under the same docket number and the case one more easy to understand had the matters on appeal been under a new suit filed after finality of the default judgment against Havens, yet would the fact that such did not occur be immaterial to the issues on trial below and on appeal in this court.

On February 14, 1974, the day before Havens and Avett were to get the papers fixed at the bank, Havens got drunk and drove the pickup into an automobile carrying Bobo and Lambert. Both ladies were injured.

Gulf urges in points of error 1, 2, 3, 4 and 6 that the trial court erred in not granting its motion for judgment notwithstanding the verdict because the evidence established as a matter of law that: Havens was not an additional insured under the Avett policy; the truck was not owned by Avett in the sense that he could grant or deny Havens use of it; Avett had no control over the truck such as would permit him to grant or deny Havens use of it; Avett retained no interest in the manner of use of the truck; and Havens was not using the truck with permission of Avett.

Also, Gulf urged in points of error 5 and 7 that the jury's answers in special issues 1, 2 and 3 were so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong.

The jury found in special issue no. 1 that Avett retained an interest in the manner in which the truck was used; in special issue no. 2 that Havens was using the truck with the permission of Avett; and in special issue no. 3 that Havens was using the truck within the scope of such permission.

The undisputed facts in this case reveal that Avett sold and delivered possession of the pickup truck to Havens. Only the formality of "getting the papers fixed down at the bank", on February 15, 1974, remained to make Havens' equitable title a legal title. "What was formerly a mere bailment became a firm contract to sell as between the parties." *Rush v. Smitherman*, 294 S.W.2d 873, 875 (Tex.Civ.App.—San Antonio 1956, writ ref'd).

Having lost his control and possession, "might [Avett] incur some liability due to the operation or use of the automobile" even though he no longer actually owned the "owned automobile"? *Snyder v. Allstate Insurance Company*, 485 S.W.2d 769, 772 (Tex.1972).

■ The only interest necessary to the validity of an automobile liability insurance policy is that the insured may incur liability because of the operation, maintenance or use of the automobile. *Gulf Ins. Co. v. Winn*, 545 S.W.2d 526 (Tex.Civ.App.—San Antonio 1976, no writ).

Of course, Avett was an "insured" by the Gulf policy of insurance; the question is whether Havens was also an additional insured. The applicable language of Gulf's policy reads:

"III Definition of Insured. (a) With respect to the insurance . . . the unqualified word 'insured' includes the named insured and, . . . also includes any person while using the automobile . . . provided the actual use . . . is by the named insured . . . or with the (his) permission . . . ."

Immaterial, as we view it, but fortifying the language quoted, is that found in an endorsement to the policy, viz:

"Schedule . . . II . . . 4(c) The following are insureds under coverages Bodily Injury Liability . . . :

(1) With respect to the owned automobile,

(i) the named insured and any resident of the same household,

(ii) any other person using such automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission, . . . ."

Gulf denied coverage of its policy from the time of its first knowledge of the event by which there might be contention that Havens was insured thereby. It was given all requisite notice and cooperation of Avett, and at all times conceded that Avett was covered. What Gulf did was contend Avett, but not Havens, to be the only person insured. This is mentioned in order to display that nothing involved in Gulf's denial of liability was because of any failure on the part of Havens to cooperate. Havens was never requested to cooperate. Gulf contended that pursuant to the transaction of February 12, 1974 Avett could not deny Havens permission to use the truck because it was Havens' truck, not Avett's; thus Havens was not an additional insured under its policy.

■ It is true that several cases interpreting Texas law have recognized ownership as a requirement of coverage, but they involved policies which expressly provided that the named insured be the owner of the "owned automobile". All of these cases dealt with policies issued prior to the change in policy provisions prescribed by the Texas Insurance Commission in 1963, which omitted all previous requirements of actual ownership from the definition of "owned automobile" and substituted therefor the language we have heretofore quoted from the Gulf policy. Ownership is immaterial.

That contained in the foregoing paragraph has been lifted from *Snyder v. Allstate Insurance Company*, 485 S.W.2d 769 (Tex.1972), as noticed beginning on page 771.

From the *Snyder* case we must recognize that the state of the law is that if there is a "named insured" by the provisions of an automobile liability insurance policy, anyone using the vehicle prescribed to be insured by the policy with his consent, explicit or tacit, is an additional "insured" by the policy provisions. Further, that whether or not the "named insured" might have the erroneous belief that the user was not subject to instructions from him would be immaterial.

In the instant case Avett's title to the truck persisted, though as already indicated the fact would be immaterial. At the time of the events giving rise to Haven's liability, as result of his use of Avett's truck, such use was with the consent of Avett, who was the "named insured" by the Gulf policy.

Under these circumstances there was no error in the judgment which established the liability of Gulf.

Judgment is affirmed.

HUGHES, J., dissenting.

HUGHES, Justice, dissenting.

I respectfully dissent.

The key to whether the pickup in this case is covered under the omnibus clause hinges on whether or not Havens was using it with the permission of Avett. Certainly, Havens came into possession of it with permission of Avett, for it was then a bailment. When the sale was contracted, the status changed. With the sale, Havens acquired the *right* of possession as well as the *power* of possession, "*without which the seller was in no position to give or withhold permission.*" *Weatherford v. Aetna Insurance Company*, 385 S.W.2d 381, 383 (Tex. 1964). (Emphasis ours.) *Weatherford, supra,* involved an insurance policy providing coverage for a "named insured".

I would hold under the undisputed facts herein that Avett gave up the right, as well as the power, to possess the pickup, and therefore he was unable to give permission for its use.

I would sustain Gulf's points of error 1, 2, 3, 4 and 6 and overrule points of error 5 and 7.

I would sustain points of error 1 through 5 advanced by Bobo and Lambert as appellants against Commercial Standard.

I would reverse the judgment of the trial court and render judgment that Bobo and Lambert take nothing from Gulf and that Bobo and Lambert have their recovery against Commercial Standard for the amounts stipulated between them (the said Bobo and Lambert and Commercial Standard).