**GULF INSURANCE COMPANY,**
**Petitioner,**

v.

**Mrs. Minnie O. BOBO et al.,**
**Respondents.**

**No. B–8571.**

Supreme Court of Texas.

Feb. 20, 1980.

Rehearing Denied April 16, 1980.

Simon, Peebles, Haskell, Gardner & Betty, Anne Gardner, Fort Worth, for petitioner.

Hudson, Keltner, Smith, Cunningham & Payne, Joe Bruce Cunningham, J. M. Lee, Fort Worth, for respondents.

SPEARS, Justice.

Minnie Bobo and Mary Lambert brought suit to recover the amount of a default judgment against David L. Havens as an additional insured under a liability insurance policy issued by Gulf Insurance Company to William C. Avett. In the alternative, they sought to recover under an unin-

sured motorist policy issued by Commercial Standard Insurance Company to Mary Lambert. Commercial Standard has stipulated to facts which would make it liable to Mrs. Bobo and Mrs. Lambert if Havens was not covered under the Gulf policy. After a jury trial, the trial court rendered judgment against Gulf and ordered that Mrs. Bobo and Mrs. Lambert take nothing on their claim against Commercial Standard. Commercial was not severed out of the suit and is aligned with respondents on this appeal. The court of civil appeals affirmed the trial court's judgment. 580 S.W.2d 914. We reverse the judgment of the court of civil appeals and render judgment on Mrs. Bobo's and Mrs. Lambert's claim against Commercial Standard.

Avett agreed to sell his 1973 Chevrolet pickup truck to Havens for the amount that Avett still owed on the truck, provided Havens would get some insurance on the truck. On February 12, 1974, Havens showed Avett a receipt for a collision insurance policy, and Avett said: "Okay. It's yours and we'll get the papers changed and that's it." Havens took the pickup, and Avett testified that at that time he considered Havens to be the owner of the truck. Avett and Havens were to meet at the bank on February 15, to draw up the papers and to arrange refinancing. On February 14, however, Havens wrecked the truck, injuring Mrs. Bobo and Mrs. Lambert.

The question presented is whether Havens was an additional insured under the omnibus clause of Avett's liability insurance policy. Gulf had issued Avett an insurance policy providing coverage on his pickup. The policy covered "any person while using the automobile . . . provided the actual use of the automobile is by the named insured or . . . spouse or with the permission of either." The jury found in response to special issues one and two that at the time of the accident Avett retained an interest in the manner in which the pickup was used and that Havens was using the pickup with the permission of Avett. Gulf objected to the trial court's failure to define permission and asserted that there

was no evidence that Havens was driving with Avett's permission. Mrs. Bobo and Mrs. Lambert contend that the trial court's judgment was proper in view of the jury findings. We disagree.

■ A conditional vendee does not use the insured vehicle with the consent of the vendor and is not covered as an additional insured under the omnibus clause of a liability insurance policy because after an agreement is reached and delivery is made, the buyer, and not the seller, has control over the vehicle. *Weatherford v. Aetna Ins. Co.*, 385 S.W.2d 381, 382 (Tex.1964). The seller might retain legal title as a security interest, but between the buyer and seller, the seller has no right to possess or control the vehicle. *Rush v. Smitherman*, 294 S.W.2d 873, 878 (Tex.Civ.App.—San Antonio 1956, writ ref'd).

■ After agreeing to the terms of the sale, providing Avett with proof of insurance, and taking possession of the pickup, Havens acquired the right to possession and the power to control the use of the vehicle. At that point there was a completed contract which Avett had performed by delivering the truck in exchange for the consideration of Havens' promise to pay Avett's debt at the bank and his procurement of insurance on the truck. This contract was subject to recission only if Havens failed to complete performance by refinancing the truck on February 15. Therefore, when the accident occurred, Havens was not driving by Avett's permission because he did not need anyone's permission to drive his own vehicle. Under his contract to buy, he had the sole right to control the use of the vehicle, and it was up to him, and no one else, to grant or deny permission to drive. *Rush v. Smitherman, supra*, at 877.

As a matter of law, Avett had no authority to grant his conditional vendee, Havens, permission to drive the truck. The conditional vendee does not drive under the authority of the conditional vendor because:

the automobile is no longer owned by the insured in such a sense as will, legally speaking, enable the insured to give or

withhold his permission or consent to the use of the automobile by the conditional vendee, since the vendor, though retaining title to the car until fully paid for, does so for security reasons only and has no control over the car and no right to its use. *Weatherford v. Aetna Ins. Co., supra,* at 382.

*Snyder v. Allstate Insurance Co.,* 485 S.W.2d 769 (Tex.1972), relied on by Mrs. Bobo and Mrs. Lambert, is inapplicable here. In *Snyder* the court recognized that under a change in the prescribed policy provisions, actual ownership was immaterial to the question whether the named insured had an insurable interest in a vehicle. Although an insurable interest is not dependent on ownership, it does not follow that the named insured no longer needs to have control over the use of the vehicle before he can grant permission to drive it. In *Snyder* the named insured parent retained control over his minor daughter's use of the car. His power to control the use of the vehicle was created by the parent-child relationship and was recognized by his daughter.

*Gulf Ins. Co. v. Winn,* 545 S.W.2d 526 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), is also distinguishable. The issue in *Winn* was whether the named insured had to actually own the insured vehicle. The court held that as long as the named insured might incur liability because of the use of the vehicle he had an insurable interest and did not have to own the vehicle. In *Winn* the driver was operating the vehicle under the named insured's authority and was driving with his permission. Therefore, the driver was covered by the policy's omnibus clause.

In this case Avett had neither the right nor the power to control Havens' use of the pickup truck. A buyer of a vehicle does not become an additional insured under the seller's policy merely because of the conditional nature of the sales transaction. Thus, Mrs. Bobo and Mrs. Lambert are not entitled to recover under Avett's policy with Gulf because Havens was not an additional insured under the policy.

Under the stipulations in the record, however, Mrs. Bobo and Mrs. Lambert are entitled to judgment under Mrs. Lambert's uninsured motorist policy with Commercial Standard. Therefore, the judgment of the court of civil appeals is reversed, and judgment is rendered that Mrs. Bobo and Mrs. Lambert are entitled to recover damages according to the policy terms of the Commercial Standard policy and the stipulations of record.