In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-387 CV


____________________



BETTIE J. SAM and SIDNEY SAM, Appellants



V.



PEOPLES STATE BANK, Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 10416






MEMORANDUM OPINION


 Bettie J. Sam and Sidney Sam filed suit against People's State Bank. The Bank
counterclaimed. The suit arises from a dispute involving appellants' 1997 Dodge Club Cab
truck. Appellants' alleged title to the truck was appropriated by Carl Farris and King
Robinson, forged and used as collateral for a loan from the Bank. Farris and Robinson
defaulted on the loan and the bank tried to repossess the vehicle.

 The jury found appellants did not agree to sell or transfer the title of their truck to
Robinson and were not estopped from claiming title to the truck. The jury further found
Robinson had assigned his claim for reimbursement of insurance proceeds paid to repair
the truck. The jury found appellants had been unjustly enriched by their retention of the
services paid for by Robinson regarding the repair, in the amount of $6,000. The jury
found appellants did not convert the truck for their own use. The jury found neither the
Bank nor appellants committed fraud. The jury awarded the Bank $4,500 in attorney's
fees. The trial court entered judgment in accordance with the jury's findings, including
charging prejudgment interest and court costs to appellants. From that judgment,
appellants bring three issues.

 In their first issue, appellants claim the trial court erred in allowing defense exhibit
nine into evidence over a hearsay objection. Defendant's Exhibit No. 9 consists of one
letter, four checks, and a chart. The letter is from Yolanda Peer of State Farm to
Robinson and discloses the dates of insurance coverage and the coverage amounts provided
by State Farm on the truck. The checks were paid to Robinson and Northwest Dodge from
State Farm as part of the insurance claim made on the truck. The chart lists all four of
these payments, for a total of $5,945.41. The record reflects the following exchange
occurred when the evidence was admitted. 

 Q. (By [Defense Counsel]) Mr. Robinson, I'm showing you what's been marked
as Defendant's Exhibit No. 9. Can you just identify what this exhibit is? Do you know
what it is?


 A. Yes, sir. It's the State Farm showing where they -


 Q. Don't tell me what the document shows. Just state what -


 A. State Farm Insurance


 Q. Okay. Is this the document that you received?


 A. Yes, sir.


 [DEFENSE COUNSEL]: (Tendering)

 (Offered Defendant's Exhibit No. 9.)


 [PLAINTIFF'S ATTORNEY]: Judge, I would object to Defendant's Exhibit
No. 9 as a hearsay document.


 [DEFENSE COUNSEL]: That's a letter received in the ordinary course of
business, Your Honor. It contains documents signed by my client.


 THE COURT: Okay. Your objection is noted. It's overruled at this time.

 (Admitted Defendant's Exhibit No. 9.)


 . . . .


 Q. (By [Defense Counsel]) Mr. Robinson, is this a piece of correspondence that
you received from State Farm?


 A. It is.


 Q. Okay. And what does this packet of information contain?


 A. My insurance.


 Q. Okay. Are some of these documents checks that were paid as part of the
insurance claim made on the 1997 Dodge?


 [PLAINTIFF'S COUNSEL]: Objection. Leading.


 THE COURT: I'll sustain the objection.


 Q. (By [Defense Counsel]) What are these documents contained in this packet
of information?


 A. Checks where State Farm paid me for the damage on the truck.


 Q. Okay. What are the - what is the approximate total amount of checks paid
in repair of the 1997 Dodge Truck?


 A. Approximately $6,000.


Regardless of any error in admitting the exhibit, Robinson testified, in court, that the total
amount paid to repair the truck was approximately $6,000. This statement was clearly not
hearsay. Therefore, the error, if any, did not probably cause the rendition of an improper
judgment. See Tex. R. App. P. 44.1(a)(1). Issue one is overruled.

 Issue two contends "[t]he forged endorsements of the title owners of the vehicle in
question was ineffective to collateralize said vehicle therefore the Peoples State Bank nor
King Robinson had the authority to repossess said vehicle." Appellant's argument under
this point makes no reference to any complaint made to the trial court, nor is there any
claim of error by the trial court. Accordingly, nothing is presented for our review. See
Tex. R. App. P. 33.1(a). Issue two is overruled.

 Lastly, appellants assert the trial court abused its discretion in submitting the issue
of attorney's fees to the jury based on incompetent hearsay evidence. Appellants' first
point under this issue misconstrues the testimony of defense counsel and therefore is
without merit. Appellants' second point relies upon having prevailed in its first issue. 
Accordingly, it also fails. Appellants' third point is that the jury's award of $6,000 should
be reversed because jury questions three, four and five were inappropriately submitted. 
Question three asks whether Robinson assigned his claim for reimbursement of insurance
proceeds paid to repair the truck to the Bank. The jury found he did. Question four,
which is predicated upon the jury finding Robinson did assign his claim to the Bank, asks
whether the appellants have been unjustly enriched. The jury found they had. Question
five then asks what amount would reasonably compensate the Bank for any benefit unjustly
retained by appellants. The jury answered $6,000. 

 Appellants complain that "unrefuted evidence has shown that King Robinson was
a party to a fraud . . . Therefore, King Robinson has no legitimate claim for
reimbursement of insurance proceeds that could be assigned." We note the jury did not
find Robinson a party to fraud, nor were they asked to make such a finding. Appellants
cite no authority in support of their position that King has no claim for reimbursement. 
"It is well settled in Texas that an insured need only have an insurable interest in property
for coverage to take effect; actual ownership is not required. See Smith v. Eagle Star Ins.
Co., 370 S.W.2d 448 (Tex. 1963); Gulf Ins. Co. v. Winn, 545 S.W.2d 526, 527 (Tex.
Civ. App.--San Antonio 1976, writ ref'd n.r.e.)." State Farm Mut. Auto. Ins. Co. v.
Kelly, 945 S.W.2d 905, 907 (Tex. App.--Austin 1997, writ denied). Appellants have not
demonstrated the trial court's charge to the jury constituted reversible error. See Tex. R.
App. P. 44.1. Issue three is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on May 17, 2004

Opinion Delivered July 1, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.