COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-067-CV

GARRY JENKINS APPELLANT

V.

STATE AND COUNTY MUTUAL

FIRE INSURANCE COMPANY APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two points, appellant Garry Jenkins seeks a reversal of the trial court’s order granting summary judgment against him.  In his second point, he complains that the trial court erred by granting summary judgment against him because there was a genuine issue of material fact as to the coverage of the insurance policy at issue.  We agree.  We reverse the trial court’s summary judgment order and remand the case to the trial court.

BACKGROUND

In 1997, Appellant’s foot was crushed when he and Mark Lemmon, hired as independent contractors, moved oilfield equipment for L & G Pipe.  Mark drove the truck (“truck”)
(footnote: 2) that was covered by the automobile insurance policy (“policy”) issued by Appellee to Deborah Grisamer.
(footnote: 3)  When Mark abruptly stopped the truck, the 2,000 pound tank skid he carried on the truck’s winch dropped on Appellant’s foot.  Appellant sued Mark, individually and d/b/a M & T Trucking, L & G Pipe, and L & G Pipe’s owners, Deborah Grisamer and her husband, Richard Lemmon.  Mark is Richard’s brother.

Appellant obtained a default judgment against Mark, individually and d/b/a/ M & T Trucking in July 2002, for $650,000 in actual damages and $260,000 in prejudgment interest, when Mark failed to answer.  In a severed action in May 2003 (“prior suit”), the jury found no liability for L & G Pipe, Deborah, or Richard; it placed full liability on Mark.

In 2005, Appellant filed this suit, claiming that Mark was a covered driver under the policy.  In its motion for summary judgment, Appellee argued in a single ground that although the policy listed the truck as a “covered auto,” Mark did not qualify as an “insured” under the policy’s terms, so, as a matter of law, the policy afforded no coverage for Appellant’s default judgment claim against Mark.  The policy terms at issue are found in Section II, Liability Coverage:

A. COVERAGE
:  We will pay all sums an 
insured
 legally must pay as damages because of 
bodily injury 
or 
property damage 
to which this insurance applies, caused by an 
accident
 and resulting from the ownership, maintenance or use of a covered 
auto
. . . .  [W]e have no duty to defend 
suits
 for 
bodily injury 
or 
property damage 
not covered by this Coverage Form. . . .
(footnote: 4)
 1. WHO IS AN INSURED
: The following are 
insureds:

a. You for any covered 
auto
. [The policy defines “you” and “your” as referring to the Named Insured, in this case, Deborah]

b. Anyone else while using with your permission a covered 
auto
 you own, hire or borrow . . . .
(footnote: 5)
 

Appellee asserted that it was entitled to summary judgment because the truck was owned by Mark, and was not owned, hired, or borrowed by Deborah, the named insured; therefore, Mark was not an “insured” under the policy’s terms.  Appellee submitted as summary judgment evidence certified excerpts from the trial of the prior suit, a certified copy of the truck’s title and registration records listing Mark as the truck’s owner, a copy of the default judgment rendered against Mark, a certified copy of the policy, and a copy of the final judgment rendered on the jury verdict in the prior suit on behalf of Deborah, Richard, and L & G Pipe.  The trial court granted Appellee’s motion for summary judgment.

SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P
. 166a(c); 
Sw. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth
., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co.
, 73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  
Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965). 
Policy Coverage

We review insurance policies like any other contract, reading all parts of each policy together and exercising caution not to isolate particular sections or provisions from the contract as a whole. 
 Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003).  The cover of the policy states, 

THIS POLICY CONSISTS OF: 

DECLARATIONS

COMMON POLICY CONDITIONS

ONE OR MORE COVERAGE PARTS.  A COVERAGE PART CONSISTS OF:

ONE OR MORE COVERAGE FORMS

APPLICABLE FORMS AND ENDORSEMENTS

Within the pages of the policy itself is the two-page policy application, placed immediately before the last page of the policy.  
See Odom v. Ins. Co. of State of Pa.
, 455 S.W.2d 195, 199 (Tex. 1970) (stating that when an application for insurance is attached to and made a part of the policy and is accepted and retained by the insured, the insured is conclusively presumed to have knowledge of its contents and to have ratified any false statements therein).

When terms are defined in an insurance policy, those definitions control.  
Trinity Universal Ins. Co. v. Cowan
, 945 S.W.2d 819, 823 (Tex. 1997).  An insurance policy’s terms are unambiguous as a matter of law if a court can give disputed words and phrases a definite legal meaning. 
 
See
 
Progressive County Mut. Ins. Co. v. Sink, 
107 S.W.3d 547, 551 (Tex. 2003).  Here, the policy defines “insured,” in Section II(A)(1), subsections (a) through (c).  However, not all of the terms within that definition of “insured,” specifically, “own,” “hire,” or “borrow,” within subsection (b), are defined.

Ownership

The right to possession and the power to control the use of the auto determines the auto’s ownership for insurance coverage purposes.  
See Gulf Ins. Co. v. Bobo
, 595 S.W.2d 847, 848 (Tex. 1980).  Appellee attempted to establish through both Richard’s and Appellant’s prior trial testimony
(footnote: 6) and the truck’s title and registration that Mark was the truck’s owner.  Richard did testify at the prior trial that Mark owned the truck and that neither he, L & G, nor Deborah ever owned the truck.  But Richard also provided the following testimony with regard to Plaintiff’s Exhibit 1, a copy of the policy application admitted at the prior trial.

Q I show you what’s been marked in evidence as Plaintiff[‘s] Exhibit 1 and admitted this morning.  The first page shows that there’s an International tractor on the schedule of autos, right?

A Yes, that’s correct.

Q And this is for Deborah [Grisamer] up here the name?

A That’s correct.

Q That’s your wife?

A That’s correct.

Q On the second page of Exhibit 1 we have her signature in three places . . . , right?

A Yes, that’s right.

Q On the second page we have a number of vehicles owned.  We list two, right?[
(footnote: 7)]

A That’s correct.

Q The two on the first page of Exhibit 1 being the International truck that was involved in this accident, right?[
(footnote: 8)]

A That’s what it says.

Q The name of drivers on the truck owned by Deborah [Grisamer] and L & G Pipe would show Mark Lemmon, right?

A That’s what it says . . .

Q But on this certificate it shows that you owned the truck, L & G owned the truck?

A That policy is not in my name. . . .  It’s in [Deborah’s] name.  She signed the application.

Q And she says on this certificate that the International [truck] was owned by her?

A That’s what it says.

Richard did not testify at all with regard to whether he, Deborah, or L & G had the right to possession and the power to control the use of the truck.  
See Gulf Ins. Co.
, 595 S.W.2d at 848.  Neither did Appellant.  Deborah did not testify at the prior trial.

On the policy application, Deborah checked “no” under the non-owned auto section.  Eliminating the double-negatives, this would indicate that the insured, Deborah, owned all of the vehicles listed on the application.  The truck was listed on the policy application as one of the automobiles to be covered, and Mark was listed as a driver.  Within the policy itself, the truck was listed with other vehicles under the heading, “Schedule of Covered Autos You 
Own
, Extension of Declarations.” [Emphasis added.]  There is no requirement that the named insured have actual ownership of the automobile covered by the policy.  
See Snyder v. Allstate Ins. Co.
, 485 S.W.2d 769, 771 (Tex. 1972).  However, the evidence on the face of the policy application and the policy itself, that Deborah owned the truck listed on the policy application and in the “Schedule of Covered Autos You Own,” creates a conflict with Richard’s testimony in the prior trial that Mark owned the truck, and raises a genuine issue of material fact as to the truck’s actual ownership. 
 Determining whether Deborah had actual ownership of the truck, i.e., the right to possession and the power to control the use of the truck, is the crux of the policy coverage issue.
(footnote: 9)  
See Gulf Ins. Co.
, 595 S.W.2d at 848.  Because there is a genuine issue of material fact as to whether Deborah, and not Mark, was the truck’s owner, we sustain Appellant’s second point.
(footnote: 10) 

CONCLUSION

Having determined that there is a genuine issue of material fact that would preclude summary judgment for Appellee, we reverse the trial court’s summary judgment order and remand the case to the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL B:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  April 19, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The truck’s title, issued in 1987, lists it as “1979 Intl Tr D2137JGB28042.”  The policy lists it as “1979 International Tractor 8042.” The policy application lists it as “1979 International Tractor D2137JGB28042.” 

3:
State and County Mutual Fire Insurance Company policy number FTE-000068-47, issued effective January 5, 1997.

4:
The policy explains that words and phrases appearing in boldface type have special meanings, and refers the reader to Section V-Definitions.  Section V refers the reader to the “Who Is An Insured” provision for the definition of “insured.”

5:
None of the other “insured” definitions apply on these facts.

6:
In its motion for summary judgment, Appellee quoted Richard’s testimony in the prior trial that Mark owned the truck, that neither Richard, nor Deborah, nor L & G ever owned the truck, and that the title had Mark’s name on it.  It also referred to Appellant’s testimony in the prior trial, that Mark was the truck’s owner and that he believed Mark had always owned it.

7:
The application reads: “Number of vehicles owned,” and is followed by categories with spaces to list how many of each vehicle.  Two tractors and two trailers are listed on the application.

8:
On the first page of the application, the truck is listed second under “Schedule of Autos.”

9:
The policy application eliminates the “hire” issue, because under the “Hired Car” section, Deborah checked “no,” and there was no conflicting testimony from the prior trial or other evidence that would indicate that the truck had been separately hired or leased.  
See Toops v. Gulf Coast Marine, Inc
., 72 F.3d 483, 487-88 (5th Cir. 1996) (defining whether an insured has “hired” a vehicle for purposes of insurance coverage under the same policy terms at issue here).  However, the ownership issue is also determinative of whether Mark could “borrow” the truck under Section II(A)(1)(b).  
See Liberty Mut. Ins. Co. v. Am. Emp. Ins. Co.
, 556 S.W.2d 242, 244 (Tex. 1977) (agreeing with lower court’s definition of “borrower” as “someone who has, with permission of the owner, temporary possession and use of the property of another for his own purposes”).

10:
Because of our disposition, we do not address Appellant’s first point.  
See
 
Tex. R. App. P
. 47.1.