Affirmed and Memorandum Opinion filed July 22, 2008








Affirmed and Memorandum Opinion filed July 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00314-CV

____________

 

ROBERT D. TRULL AND JACKIE TRULL, Appellants

 

V.

 

SERVICE CASUALTY INSURANCE COMPANY
AND SERVICE LLOYDS INSURANCE COMPANY, Appellees

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 2005-81386

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Robert D. Trull and Jackie Trull, challenge the
trial court=s summary judgment in favor of appellees, Service
Casualty Insurance Company and Service Lloyds Insurance Company.  We affirm.  








On May 7, 2001, Alfredo Villanueva took possession of a
2001 Nissan Altima from Baker-Jackson Nissan Oldsmobile.  Prior to taking
possession of the vehicle, Villanueva signed a Motor Vehicle Purchase Order and
a Temporary Delivery Bailment Agreement.  The next day, Villanueva was driving
the vehicle when he was involved in an accident with pedestrian Robert D.
Trull.  The police report lists Villanueva as the vehicle=s owner and
indicates that he did not have liability insurance.  On May 12, 2001,
Villanueva and his wife returned to Baker-Jackson and completed the remaining
paperwork for the sale, including a revised purchase order and financing
documents. 

The Trulls filed suit against Villanueva for negligence and
Baker-Jackson for negligent entrustment.  Service Lloyds defended Baker-Jackson
in that suit, but did not defend Villanueva because it claimed that Villanueva
did not qualify as an insured under Baker-Jackson=s insurance policy
and that Villanueva never requested a defense.  The Trulls non-suited
Baker-Jackson shortly after it moved for summary judgment.  Obtaining a default
judgment against Villanueva in the amount of $500,432.57, the Trulls then sued
Service Casualty and Service Lloyds on the judgment (Service Lloyds became
Service Casualty=s successor in 2002).  The trial court
granted summary judgment for Service Casualty and Service Lloyds on January 10,
2007.  This appeal followed.    

A trial
court may grant a traditional motion for summary judgment if the motion and
summary-judgment evidence show that, except as to the amount of damages, there
is no genuine issue of material fact and therefore the moving party is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a summary
judgment, we take as true all evidence favorable to the non-movant and we
indulge every reasonable inference, and resolve any doubts, in the non-movant's
favor.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  








A trial
court must grant a no‑evidence motion for summary judgment if: (1) the
moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden
of proof at trial; and (2) the respondent produces no summary-judgment evidence
raising a genuine issue of material fact on each of the challenged elements.  See
Tex. R. Civ. P. 166a(i). As with a traditional motion, when we review a no‑evidence
motion for summary judgment, we view all of the summary-judgment evidence in
the light most favorable to the non-movant, indulging every reasonable
inference and resolving any doubts against the movant. City of Keller v.
Wilson, 168 S.W.3d 802, 823‑25 (Tex. 2005).

When, as
here, the trial court does not specify on which grounds it based its summary
judgment, the appealing party must show that it is error to base it on any
ground asserted in the motion.  Star-Telegram, Inc. v. Doe, 915 S.W.2d
471, 473 (Tex. 1996); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). 
The appellant must assign error to each independent ground asserted in the
summary judgment or the summary judgment will be affirmed.  Star-Telegram,
Inc., 915 S.W.2d at 473; de Laurentis v. United Servs. Auto. Ass=n, 162 S.W.3d 714, 726 (Tex. App.CHouston [14th Dist.] 2005, pet. denied). 
To preserve an issue for appeal, the non-movant must expressly present to the
trial court, by written answer or response, any issues defeating the movant=s entitlement.  McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993); Tello v.
Bank One, N.A., 218 S.W.3d 109, 116 (Tex. App.CHouston [14th Dist.] 2007, no pet.
h.) (holding that Awe may not consider grounds for reversal of a summary
judgment that were not expressly presented to the trial court by written
response to the motion@).  Similarly, a party waives an issue when it does not
support it with authority.  Trenholm v Ratcliff, 646 S.W.2d 927, 934
(Tex. 1983); In re E.L.T., 93 S.W.3d 372, 375 (Tex. App.CHouston [14th Dist.] 2002, no pet
h.); Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 304-05 (Tex. App.CHouston [14th Dist.] 1995, no writ). 









The Trulls argue that they are entitled to enforce the
default judgment against Service Casualty, Service Lloyds, or both,  because
Villanueva was an insured under Baker-Jackson=s insurance policy
at the time of the accident.  The relevant portion of the insurance policy
provides: AWe will pay all sums an insured legally must pay as
damages because of bodily injury or property damage to which this insurance
applies caused by an accident and resulting from garage operations.@  The policy
defines who shall be considered an insured, and states that coverage will
extend to A[a]nyone else while using with your permission a
covered auto own[ed], hire[d], or borrow[ed]@ by the dealership. 
This provision generally excludes coverage to the customers of the dealership
unless (1) the customer has no available insurance, in which case they shall be
insured up to the compulsory limits under the law, or (2) the customer has
other available insurance less than the compulsory limits, in which case they
shall be insured for the amount by which the compulsory limits exceed the
limits of their other insurance.  If the vehicle was not owned, hired, or
borrowed by the dealership at the time of the accident, then this provision of
the insurance policy is not applicable.  The element at issue in this case is
ownership of the vehicle at the time of the accident.  The Trulls allege that
Baker-Jackson owned the Altima.  Service Casualty and Service Lloyds contend
that Villanueva did.








In an analogous case, Gulf Insurance Company v. Bobo,
William Avett agreed to sell his truck to David Havens for the amount Avett
owed on the truck as long as Havens secured insurance.  595 S.W.2d 847, 848
(Tex. 1980).  The two made an oral agreement and Havens took possession of the
truck.  Id.  They agreed to meet on February 15 to draw up the papers
and arrange financing; however, Havens wrecked the truck on February 14,
injuring the plaintiffs.  Id.  The plaintiffs secured a default judgment
against Havens and then sought to collect on it from Avett=s insurance
company, claiming that Havens was an additional insured under Avett=s policy.  Id. at
847.  The Texas Supreme Court disagreed and held that A[a] conditional
vendee . . . is not covered as an additional insured . . . because after an
agreement is reached and delivery is made, the buyer, and not the seller, has
control over the vehicle.@  Id. at 848.  After agreeing to
the terms of the sale and taking possession of the truck, Havens acquired the
right to possess and the power to control the vehicle.  Id.  The court
held that the right to possess the vehicle and the power to control its use
determines its ownership for insurance purposes.  Id.  Thus, Havens was
the owner and the plaintiffs could not recover from Avett=s insurance
company.  Bobo, 595 S.W.2d at 848; see also Tyler Car &
Truck Ctr. v. Empire Fire & Marine Ins. Co., 2 S.W.3d 482, 484 (Tex.
App.CTyler 1999, pet.
denied).  

The
Trulls attempt to distinguish Bobo by contending there is no evidence in
this case of an agreement to purchase the vehicle on May 7, 2001.  First, the
Motor Vehicle Purchase Order states that in a credit purchase, it constitutes
an offer to purchase but does not obligate the seller to extend credit to the
buyer.  Thus, according to the Trulls, Alfredo Villanueva=s execution of the Motor Vehicle
Purchase Order cannot constitute a sale.  In addition, the Trulls argue that
Alfredo=s sole signature on the May 7 Motor
Vehicle Purchase Order cannot constitute an agreement between Baker-Jackson and
the Villanuevas, who both signed the definitive documentation on May 12, 2001. 


We agree
with appellees that Bobo squarely governs this case.  On May 7, 2001,
Alfredo Villanueva and Baker-Jackson agreed to enter into a credit-financed
sale of the Altima vehicle.  On that date and pursuant to that agreement,
Baker-Jackson transferred possession and control of the vehicle to Villanueva. 
It is true that Baker-Jackson did not agree to provide the financing and that
the agreement of sale may have been rescinded if Villanueva did not obtain
financing.  Nevertheless, under Texas law, the transfer of possession and
control of the vehicle, pursuant to the parties= intent to effect the sale,
determines ownership for insurance purposes as of May 7.  See Bobo, 595
S.W.2d at 848 (Aownership transfers for insurance purposes when the
conditional purchaser takes possession and control of the vehicle@).








The
Trulls cite no authority, and we find none, supporting their claim that Cynthia=s and Alfredo=s joint execution of sale and
financing documents on May 12 negates the effectiveness of Alfredo=s having reached an agreement on May
7 for purchase of the vehicle from Baker-Jackson or of Baker-Jackson=s transfer of possession and control
to him.  We also reject the Trulls= attempt to place this case outside
the bounds of Bobo on the basis of factual differences between this case
and Tyler Car & Truck Center, which followed Bobo. The buyer
and seller in Tyler Car & Truck Center had, on a Saturday, executed
documents establishing the terms of the sale, and the buyer had paid a down
payment on the vehicle.  Tyler Car & Truck Center, 2 S.W.3d at 483. 
The buyer wrecked the car on Sunday, before having obtained proof of insurance
as required for the sale to be technically complete.  Id.  The court of
appeals held that the seller=s insurer was not bound to cover the loss because at the time
of the damage, the buyer had the right to possess and the power to control the
vehicle. Id. at 484.   Similarly, and although Villanueva and
Baker-Jackson had not completed extensive documentation of their agreed sale
and purchase transaction, Villanueva had the right of possession and the power
to control the Altima as of May 7.  See also Bobo, 595 S.W.2d at 849
(holding, in absence of paperwork evidencing sale, that seller=s insurance was not responsible for
third-parties= injuries because right to possess and power to control vehicle had
transferred to conditional purchaser).

We affirm the trial court=s judgment.

                                                                                                                                                                                                                                                                   

/s/        Jeff
Brown

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed July
22, 2008.

Panel consists of Justices Yates, Anderson, and Brown.